SUMMARY ORDER

Asif Hamid, a native and citizen of Pakistan, seeks review of a July 14, 2008, order of the BIA affirming the January 18, 2007, decision of Immigration Judge (“IJ”) George T. Chew, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”).[1] In re Asif Hamid, et al., Nos. A098 422 886/887/888/889/890 (B.I.A. July 14, 2008), aff'g Nos. A098 422 886/887/888/889/890 (Immig. Ct. N.Y. City Jan. 18, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s “demeanor, candor, or responsiveness,” the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” See 8 U.S.C. § 1158(b)(1)(B)(iii); Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008).
In finding Hamid not credible, the IJ reasonably relied on: (1) Hamid’s failure to provide consistent dates regarding when he joined the PPP; and (2) the ambiguity in Hamid’s testimony regarding whether he had ever seen a First Information Report (“FIR”) issued against him in 1991 and his failure to bring this FIR to the attention of the court. Although Ham-id offered explanations for both these inconsistencies, no reasonable fact-finder would be compelled to credit them. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005) (finding that if the applicant offers an explanation for inconsistent testimony, the agency need not credit that explanation unless the explanation would compel a reasonable fact-finder to do so).
*558 The IJ also reasonably found implausible that Pakistani authorities would still be interested in Hamid despite his departure fifteen years ago. Although a finding of implausibility must not be based on flawed reasoning, “bald” speculation, or conjecture, see Ming Xia Chen v. BIA, 435 F.3d 141, 146 (2d Cir.2006), we will not disturb an implausibility finding if it is “tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived.” See Wensheng Yan v. Mukasey, 509 F.3d 63, 67 (2d Cir.2007); see also Siewe v. Gonzales, 480 F.3d 160, 169 (2d Cir.2007). Here, the IJ’s implausibility finding was not erroneous because it was: (1) tethered to record evidence regarding the prominence of the PPP party in Pakistani politics; see Wensheng Yan, 509 F.3d at 67 (finding implausibility findings to be reasonable when they are tethered to the record evidence); (2) supported by the common sense inference that, absent evidence indicating otherwise, authorities will be much less likely to pursue a person who has been away for over fifteen years; see Siewe, 480 F.3d at 168-69 (finding that speculation inhered in inference is not bald if based on even a single fact in the record viewed in light of common sense and ordinary experience); and (3) reasonably based upon the conclusion that if one has returned to the country of alleged persecution in the past without incident, the same is likely to occur upon future return trips, see Wensheng Yan, 509 F.3d at 68 n. 2 (finding return trips to a country of persecution support an IJ’s implausibility finding).
Additionally, contrary to Hamid’s argument, the IJ did not err in according little evidentiary weight to an “FIR” allegedly issued against him in 2005 because Hamid mistakenly testified that it was issued in 2004 and his brother’s letter failed to mention, as Hamid testified, that a hefty bribe was paid in order to obtain a copy. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant’s evidence in immigration proceedings lies largely within the discretion of the IJ).
Ultimately, because no reasonable fact-finder would be compelled to conclude to the contrary, the agency’s adverse credibility determination was supported by substantial evidence. See 8 U.S.C. § 1158(b)(1)(B)(iii); Xiu Xia Lin, 534 F.3d at 165-66. Thus, the agency’s denial of Hamid’s application for asylum was proper. See 8 C.F.R. § 208.13(b). Because Hamid based his claims for withholding of removal and CAT relief on the same factual predicate as his asylum claim, and the IJ found that this evidence lacked credibility, those claims necessarily fail. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. Asif Hamid was the lead petitioner before the agency. Accordingly, we refer exclusively to him throughout. His spouse, Rashida Arshi, and children, Wasif Hamid, Aisha Hamid, and Hariss Hamid, were included as derivative applicants on his asylum application and appear as petitioners in this Court.